IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

MOBILE DIVISION

| | |
|---|---|
| LOUIS HOLGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 119-224 |
| ) | |
| SAINT PAUL TRAVELERS COMPANY, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, formerly incarcerated at United States Medical Center in Springfield, Missouri, initially submitted to the Court for filing a civil complaint with Edmond Hudmond Smith, IV as co-plaintiff. (Doc. no. 1); see Smith v. Saint Paul Travelers Company, Inc., CV 119-051 (S.D. Ala. Feb. 6, 2019) (hereinafter "CV 119-051"). On May 8, 2019, the Court dismissed CV 119-051 because Plaintiff and Mr. Smith could not proceed together as *pro se* and *in forma pauperis* ("IFP") and ordered that case be split into two separate cases. CV 119-051, doc. no. 9. Mr. Holger's case became the present case and he was required to submit a motion to proceed IFP to continue. Id; (doc. no. 3.)

However, on May 20, 2019, the Court was informed its last Order in CV 119-051 was returned because Plaintiff is no longer located at the address he has on file with the Court. (Doc. no. 3); CV 119-051, doc. no. 10. Additionally, in CV 119-051, the Court's April 8, 2019 Report and Recommendation recommending dismissal of CV 119-051 and severance

of Mr. Holger and Mr. Smith's case into two separate cases was returned as undeliverable for the same reason. CV 119-051, doc. no. 8. Moreover, Plaintiff was required to either pay the $400.00 filing or file a motion to proceed IFP by May 22, 2019, to proceed with this case, but nothing has been filed. CV 119-051, doc. no. 9.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Alabama dictate "[w]henever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff's failure to keep the Court informed of his address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. Indeed, his address is not current, and no filing fee or motion to proceed IFP has been filed despite the Court's multiple orders. See CV 119-051, doc. nos. 5, 9. This is precisely the type of neglect

contemplated by the Local Rules. Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes Plaintiff is proceeding *pro se* and acknowledges courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons and Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it. Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of May, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).